ALB:ADW
F.# 2021R00452/OCDETF#NY-NYE-0904

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

IVAN NICIO-LORENZO,

          Defendant.

- - - - - - - - - - - -X

COMPLAINT AND
AFFIDAVIT

(T. 21, U.S.C., § 846))

21-MJ-1018

EASTERN DISTRICT OF NEW YORK, SS:

        GARY BAILEY, being duly sworn, deposes and states that he is a Special Agent with the Internal Revenue Service ("IRS"), duly appointed according to law and acting as such.

        In or about August 2021, within the Eastern District of New York and elsewhere, the defendant IVAN NICIO-LORENZO, together with others, did knowingly, intentionally and unlawfully conspire to distribute and possess with intent to distribute one or more substances containing 400 grams or more of a substance containing fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841.

        (Title 21, United States Code, Section 846)

        The source of your deponent's information and the grounds for his belief are as follows:[1]

---

[1] Because the purpose of this affidavit is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

## INTRODUCTION

1. I am a Special Agent with the IRS, and have been so employed for approximately 11 years. In my capacity as an IRS Special Agent, I am responsible for conducting and assisting in investigations into the activities of individuals and criminal groups responsible for federal narcotics offenses, narcotics trafficking into the United States and money laundering offenses. I have participated in investigations involving arrest warrants, and the use of surveillance, confidential informants, cooperating defendants and undercover operations. I have also received training to (a) review and analyze taped conversations and records of drug traffickers and money launderers and (b) debrief cooperating drug traffickers and money launderers. Through my training, education and experience, I have also become familiar with (a) the manner in which illegal drugs are imported and distributed; (b) the method of payment for such drugs; and (c) the efforts of persons involved in such activity to avoid detection by law enforcement, such as through the laundering of monetary instruments and the concealment of evidence of crimes.

2. I am familiar with the facts and circumstances set forth below from my participation in the investigation described herein. The facts set forth in this affidavit are based, in part, on information that I have learned from the review of written documents prepared by, and conversations with, members of the IRS and Drug Enforcement Administration ("DEA") and other law enforcement agencies and investigators; surveillance; and my review of documents obtained by subpoena. Where the contents of documents and the actions, statements and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

## PROBABLE CAUSE TO ARREST THE DEFENDANT

3. On or about August 24, 2021, a confidential source (hereinafter, "CS-1")[2] advised law enforcement that he/she had received a phone number for an individual known to law enforcement (hereinafter, "Co-conspirator 1") who was believed to be engaged in narcotics trafficking in New York and New Jersey. On the same day, CS-1 communicated with Co-conspirator 1 via the messaging platform known as WhatsApp and informed Co-conspirator 1 that CS-1 was interested in purchasing a 150-gram sample of fentanyl. Co-conspirator 1 agreed to sell the 150-gram sample for $5,000 and stated that he would send an associate to meet with an associate of CS-1 near the border of New York and New Jersey.

4. On or about August 25, 2021, CS-1 communicated with Co-conspirator 1 via WhatsApp and told him that CS-1's associate[3] would meet with Co-conspirator 1's associate that day near a convenience store in Perth Amboy, New Jersey. Co-conspirator 1 told CS-1 that Co-conspirator 1's associate would arrive at the meeting shortly before 7:00 p.m. and would be driving a black Dodge Durango SUV. Co-conspirator 1 then sent a photo of the vehicle to CS-

---

[2] CS-1 has been working with the DEA and IRS for approximately two years after having been arrested in connection with drug charges. CS-1's information has proven to be reliable in this investigation and his previous cooperation has resulted in the discovery of several narcotics trafficking operations throughout the United States and Mexico.

[3] CS-1's "associate" was another confidential source working with law enforcement (hereinafter, "CS-2"). In 2018, CS-2 was arrested in the Eastern District of New York pursuant to a complaint charging him/her with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of Title 21, United States Code, Section 846. CS-2's information has proven reliable and been corroborated by independent evidence including surveillance, phone records, vehicle registration records and controlled narcotics purchases. CS-2 is cooperating with law enforcement authorities with the hope that CS-2 will be able to plead guilty pursuant to a cooperation agreement and receive leniency at sentencing.

1.[4] During the conversation with Co-conspirator 1, CS-1 expressly stated that CS-1's associate would transport the narcotics to Brooklyn, New York after purchasing them from Co-conspirator 1's associate.

5. Law enforcement surveilled the August 25, 2021 meeting referenced in the preceding paragraph. Prior to the meeting, agents met with CS-2 and searched him/her to confirm there were no weapons or contraband on CS-2's person. Agents also provided CS-2 with a recording device. At approximately 6:49 p.m., an associate of Co-conspirator 1 (hereinafter, "Co-conspirator 2") arrived at the agreed-upon meeting spot while driving a black Dodge Durango SUV. Co-conspirator 2 then exited his vehicle and entered the passenger side of CS-2's vehicle. Approximately one minute later, Co-conspirator 2 left CS-2's vehicle, reentered the black Dodge Durango and then drove away. CS-2 then met with agents and provided them with a plastic bag containing a white powdery substance. The substance and the plastic bag together weighed approximately 216 grams. Agents subsequently sent the substance to a laboratory for drug testing, the results of which are pending. Later the same night, CS-1 communicated with Co-conspirator 1 via WhatsApp to confirm that the meeting had been successful.

6. On or about August 29, 2021, CS-1 communicated with Co-conspirator 1 via WhatsApp and stated that CS-1 was interested in purchasing 10 kilograms of fentanyl. Co-conspirator 1 stated, in sum and substance, that he could only sell two kilograms of fentanyl to CS-1 at this time because the two had only just started to work together. CS-1 and Co-

---

[4] CS-1 provided his WhatsApp communications with Coconspirator 1, which included both text messages and voice recordings, to law enforcement officers.

4

conspirator 1 agreed that this second transaction would take place on August 31, 2021 at the same meeting spot in Perth Amboy, New Jersey. During the conversation with Co-conspirator 1, CS-1 expressly stated that the CS-1's associate would transport the narcotics to Brooklyn, New York after purchasing them from Co-conspirator 1's associate. CS-1 also made clear that narcotics that might be purchased from Co-conspirator 1 during a subsequent anticipated transaction would likewise be transported to Brooklyn.

7. Law enforcement surveilled the August 31, 2021 meeting referenced in the preceding paragraph. Prior to the meeting, agents met with CS-2 and searched him/her to confirm there were no weapons or contraband on CS-2's person. Agents also provided CS-2 with a recording device. At approximately 5:00 p.m., the defendant IVAN NICIO-LORENZO arrived in the area while driving a black Acura SUV, with another person in the front passenger seat (hereinafter, "Individual 1"). The defendant exited his vehicle, walked to CS-2's car and had a brief conversation before walking back to the Acura. The defendant then drove the Acura towards CS-2 and parked next to CS-2's car. The defendant then took a bag from the Acura and entered the front passenger side of CS-2's car. Inside the car, in sum and substance, CS-2 and the defendant both verbally acknowledged that the bag contained narcotics.

8. Immediately thereafter, law enforcement agents arrived on the scene and arrested the defendant IVAN NICIO-LORENZO and Individual 1. Agents recovered the bag given to CS-2 by the defendant, which contained a white powdery substance. The substance weighed approximately 1,850 grams and tested positive for fentanyl.

WHEREFORE, your deponent respectfully requests that the defendant IVAN NICIO-LORENZO be dealt with according to law.

Dated: Brooklyn, New York
September 1, 2021

GARY BAILEY
Special Agent
Internal Revenue Service

Sworn to before me by telephone this
 1st  day of September, 2021

_____
THE HONORABLE MARCIA M. HENRY
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK